UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGEL CALIN CHANCO DE LA CRUZ,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR, et al.

Respondents.

Case No. 2:26-cv-01639-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

Self-represented Petitioner Angel Calin Chanco de la Cruz is detained by Respondents at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. With his petition for writ of habeas corpus, he seeks release from the NWIPC or, in the alternative, a bond hearing. Dkt. 1 at 2. For the reasons set forth below, the Court DENIES the petition.

## II. BACKGROUND

Petitioner is a native and citizen of Peru who was first detained by U.S. Customs and Border Protection ("CBP") when he entered the U.S. without inspection near Eagle Pass, Texas in March 2022. Dkt. 8 ¶ 4; Dkt. 9-1 at 3. Petitioner was initially paroled into the U.S. pursuant to Section 212(d)(5) of the Immigration and Nationality Act ("INA") until April 12, 2022, and

released on an order of recognizance "due to a lack of detention capacity" at the CBP facility in Eagle Pass. Dkt. 8 ¶ 5. On April 12, 2022, Petitioner was served with a Notice to Appear ("NTA") charging him as removeable under Section 212(a)(6)(A)(i) of the INA for entering the United States without being admitted or paroled, then released by DHS "under prosecutorial discretion." *Id.* ¶ 7; Dkt. 9-2.

On June 6, 2023, Petitioner was convicted of driving under the influence and sentenced to a suspended jail term of 178 out of 180 days and four months of probation. Dkt. 8 ¶ 8. On April 23, 2026, Petitioner was detained after Respondents "discovered Petitioner's conviction for driving under the influence, which Petitioner had not reported." *Id.* ¶ 10. Petitioner requested release on bond from an Immigration Judge ("IJ"), who denied the request on the basis that he was subject to mandatory detention under Section 235 of the INA (8 U.S.C. § 1225(b)(2)). Dkt. 9-5 at 2. In the alternative, the IJ ruled that Petitioner was ineligible for release on bond because he presented a flight risk and danger to the community. *Id.* at 2.

Petitioner filed the present petition for writ of habeas corpus on May 12, 2026. Dkt. 1. Respondents filed a return to the habeas petition on June 11, 2026. Dkt. 7. Petitioner did not file a traverse.

## III. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV. DISCUSSION

Respondents argue that Petitioner is not entitled to relief because (1) Petitioner is subject to mandatory detention under §1225(b), which requires that a detainee who is an "applicant for admission" and "seeking admission" to the United States remain in custody; and (2) even if Petitioner were detained under Section 236 of the INA (8 U.S.C. § 1226(a)), which permits release on bond during a detainee's removal proceedings, the IJ also denied Petitioner bond based on his danger to the community and flight risk. Dkt. 7 at 9–10; Dkt. 9-5 at 2–3.

This Court has previously held that petitioners apprehended on arrival may be "subject to detention under § 1226(a) if the government had treated them as subject to discretionary detention since their arrival." *Maldonado v. Scott*, No. 2:26-CV-00014-TMC, 2026 WL 251819, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *4–5 (W.D. Wash. Nov. 26, 2025)). Petitioner received such treatment here—he was charged as inadmissible pursuant to § 212(a)(6)(A)(i), released "under prosecutorial discretion," and then re-detained four years later. Dkt. 8 ¶¶ 7–10. Thus, Petitioner is likely detained pursuant to § 1226(a) and has the right to a bond hearing. The IJ held such a hearing, however, and determined that Petitioner was ineligible for release on bond because he presented a flight risk and danger to the community. Dkt. 9-5 at 3. Petitioner does not challenge that finding.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Although Petitioner challenges one basis for his confinement—mandatory detention under § 1225(b)(2)—the IJ's determination that he presents a flight risk and danger to the community is a separate basis for the "legality of [his] custody." *See*

*id.* In other words, even if Respondents treated him as subject to the discretionary detention regime of § 1226(a), he would remain in detention under that separate finding.

Because Petitioner has not challenged the IJ's alternative bond decision or otherwise shown by a preponderance of the evidence that "the fact or duration of his confinement" violates any law, *see Preiser*, 411 U.S. at 489, habeas relief is not available to him.

## V. CONCLUSION

Because Petitioner has not demonstrated that his detention is unlawful, the petition for writ of habeas corpus (Dkt. 1) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of July, 2026.

Tiffany M. Cartwright
United States District Judge